UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie Barlia,

Plaintiff,

Case No.
Hon.

vs.

MWI Veterinary Supply, Inc.,
a foreign corporation,

Defendant.

PITT, MCGEHEE, PALMER & RIVERS, P.C.
Michael L. Pitt P24429
Jennifer L. Lord P46912
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
mpitt@pittlawpc.com
jlord@pittlawpc.com

## COMPLAINT AND JURY DEMAND

Plaintiff Julie Barla ("Barlia") complains of defendant MWI Veterinary Supply, Inc. ("Company") for violating her rights under the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq*. ("ADA" or "The Act").

## PARTIES, JURISDICTION and VENUE

1. Barlia is a resident of Oakland County, Michigan.

2. The Company is located and established in this judicial district.

3. All of the events in controversy occurred in this judicial district.

4. The Company operates its business in this judicial district. This Court has subject matter jurisdiction over Plaintiff's ADA claims pursuant to 28 USC§ 1331 because they arise under federal law.

5. Barlia has exhausted all agency requirements prior to bringing this action and has filed this action within 90 days of her receipt of the EEOC Right to Sue Letter.

**STATEMENT OF FACTS**

6. Barlia began her employment with the Company on October 27, 2008 as an Outside Sales Representatives assigned to the Southeast Michigan Territory which ran from the Detroit area west to Jackson and generated annually about $4 million in sales.

7. Barlia increased sales in her assigned territory by $3.5 million during the 5.5 years of employment with the Company.

8. On October 27, 2008, Barlia began reporting to Sales Manager Terry Walsh ("Walsh").

9. In July 2009, Barlia took an approved medical leave of absence for approximately one month to treat for adrenal insufficiency and hypothyroidism.

10. During her employment with MWI, Barlia continued to treat for these conditions.

11. In March 2013, Walsh reduced the size of Barlia's territory by eliminating customers west of Ann Arbor.

12. This territory reduction resulted in Barlia losing seven of her top accounts resulting in her annual revenues to go from $4 million to $2.5 million.

13. Jeff Kloosterman ("Kloosterman") was hired by Walsh in 2013 to cover the Territory that was previously on the west end of Barlia's Territory.

14. In 2012, Josh Wiggins ("Wiggins") was hired by Walsh to handle customers from Northeast Detroit through Macomb County.

15. A national sales meeting in California was scheduled by MWI for the week of February 1, 2014.

16. On January 26, 2014, Barlia won a trip to Jamaica as a result of her outstanding sales with Merial Animal Pharmaceutical products.

17. On January 28, 2014, Barlia was examined by her endocrinologist, Dr. Jeffery Sanfield.

18. On January 28, 2014, Barlia reported to Dr. Sanfield that she was severely fatigued, that she had experienced extreme weight loss and that she was experiencing dizziness along with irregular menses as a result of adrenal insufficiency and histamine release syndrome and mastocytosis

19. Histamine is a chemical in the body that is released when the body is exposed to an allergen. Allergens may include airborne allergens (such as pollen and dust mites), foods (such as peanuts and shellfish) or insect venom. Histamine is released in an effort to protect the body from an allergen; however, sometimes an overload of histamine can result in life-threatening symptoms.

20. Mastocytosis occurs when too many mast cells exist in a person's body and undergo degranulation. The additional chemicals can cause a number of symptoms which can vary over time and can range in intensity from mild to severe.

21. Because mast cells play a role in allergic reactions, the symptoms of mastocytosis often are similar to the symptoms of an allergic reaction. They may include, but are not limited to: fatigue, flushing skin lesions, episodes of low blood pressure, headaches, ocular discomfort, malabsorption, food and drug intolerance, diarrhea, faintness nausea and vomiting and other serious symptoms.

22. Dr. Sanfield expressed his concern to Barlia about malabsorption and the above described symptoms as reported to him by Barlia.

23. Dr. Sanfield recommended that Barlia not travel to the February 2014 Sales Meeting in California.

24. A letter from Dr. Sanfield with this recommendation was delivered to Debby Ball ("Ball") of the Human Resources Department of the Company.

25. Barlia was excused from attending the California sales meeting by the Company Human Resources Department.

26. When Barlia inquired how she should handle this situation with her manager, Ball informed her that she would handle it.

27. Ball also said to Barlia that Barlia need not discuss her medical condition with Walsh including the symptoms and the type of doctor she was treating with.

28. Ball informed Walsh that Barlia would not be attending the California meeting because of medical reasons.

29. Walsh was visibly angry with Barlia for missing the California sales meeting.

30. He expressed his anger toward Barlia by:

a. Making snide comments to Barlia's colleagues including a comment to Nate Jackman where Walsh said "I wonder if she will go on the Merial Trip" (referring to the upcoming trip to Jamaica for outstanding sales results for Merial products).

b. Informing Barlia's colleagues that he was "pissed off" that Barlia did not attend the California sales meeting.

c. Refusing to communicate with Barlia on a regular basis after the California Sales trip. This included no contact by phone, email or a routine "ride with" even though he came to Michigan and did a "ride with" with the other representatives in the state.

d. Placing Barlia on an unjustified Performance Improvement Plan ("PIP") on May 9, 2014.

e. In the PIP, Barlia was unreasonably expected to maintain 95% of her monthly sales goal for the months of May, June and July 2014.

31. From May 9, 2014 to June 3, 2014, Barlia was in substantial compliance with her PIP objectives.

32. On June 3, 2014, Barlia was terminated from her employment. Walsh stated that "because of your performance your position is being eliminated."

33. Shortly after her separation for months thereafter, Barlia discovered that MWI posted publically on their website and on animalhealthjobs.com numerous open positions that she was well qualified to perform.

**COUNT I: ADA VIOLATION-DISCRIMINATION**

34. The Company is covered as an employer under the ADA.

35. Barlia was a qualified individual with a disability as defined in the ADA: she suffered from adrenal insufficiency, hypothyroidism, mastocytosis and histamine release syndrome.

36. With or without accommodation, Barlia could perform the essential functions of her job.

37. The Company was under a statutory obligation to refrain from discriminating against Barlia because she had a protected disability.

**COUNT II: ADA VIOLATION-RETALIATION**

38. In addition, it was unlawful for the Company to retaliate against Barlia because she requested an accommodation (excuse from participating in the California sales meeting because of her medical condition).

**ADVERSE EMPLOYMENT ACTION AND DAMAGES AS TO ALL COUNTS**

39. The Company terminated Barlia.

40. The Company refused to transfer Barlia to open positions.

41. As a result of the Company's unlawful disability discrimination and retaliation, Barlia has and will continue to experience a profound loss of income from lost wages and benefits and non-economic damages such as humiliation, embarrassment, mental anguish and loss of reputation.

42. The Company's conduct was willful, entitling Barlia to punitive damages as provided for in the ADA.

**RELIEF REQUESTED**

Barlia requests that the court:

a. Order her reinstated to her former position or comparable position;

b. Order that she be awarded compensation her for economic and non-economic losses, attorney fees, and litigation costs.

c. Order that she awarded punitive damages for the Company's wilfull violation of her federally protected civil; rights;

d. Order such other relief that the court deems appropriate.

PITT, MCGEHEE, PALMER & RIVERS, P.C.

BY: */s/ Michael L. Pitt*

Michael L. Pitt P24429
Jennifer Lord P46912
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800

Dated: January 20, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julie Barlia,

Plaintiff,

Case No.
Hon.

vs.

MWI Veterinary Supply, Inc.,
a foreign corporation,

Defendant.

---

PITT, MCGEHEE, PALMER & RIVERS, P.C.
Michael L. Pitt P24429
Jennifer L. Lord P46912
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
mpitt@pittlawpc.com
jlord@pittlawpc.com

---

**JURY DEMAND**

Plaintiff demands a jury trial on all issues raised in this complaint.

PITT, MCGEHEE, PALMER, & RIVERS, P.C.

BY: */s/ Michael L. Pitt*
Michael L. Pitt P24429
Jennifer L. Lord P46912
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800

Dated: January 21, 2015