# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JULIE BARLIA,

    Plaintiff,

v.

MWI VETERINARY SUPPLY, INC.,

    Defendant.

_____/

Case No. 15-10243

HON. DENISE PAGE HOOD

## ORDER DENYING PLAINTIFF'S REQUEST TO SEAL HER CASE

This matter is before the Court on Plaintiff Julia Barlia's request to seal her case, civil action case no. 15-10243, *Barlia v. MWI Veterinary Supply, Inc.*, previously assigned to now retired District Judge Gerald E. Rosen. Barlia claims that she has been unable to find employment and that by sealing her entire case, she will be able to find employment. MWI filed a response.

Barlia filed a Complaint against her then-employer MWI, on January 21, 2015, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12100 *et seq.* (ECF No. 1) On January 24, 2017, an Opinion and Order was entered granting MWI's Motion for Summary Judgment and dismissing Barlia's Complaint. (ECF No. 45) The Sixth Circuit Court of Appeals affirmed the district court's judgment. (ECF No. 51) The mandate was issued on January 31, 2018. (ECF No. 52)

Barlia does not cite any legal authority for sealing her entire case. The Sixth Circuit set forth standards governing sealing Court records. In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016), the Sixth Circuit explained,

> By way of background, there is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rules of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of "good cause[.]" Fed. R. Civ. P. 26(c)(1). These orders are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection. The district court entered several such orders here.
>
> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or

a statute is or is not constitutional. In other cases—including "antitrust" cases, *id.* at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id*. at 1181; *see also, e.g.*, *Baxter*, 297 F.3d at 546.

The courts have long recognized, therefore a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied ... with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press–Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

*Baxter*, 297 F.3d at 548.

*Shane Group,* 825 F.3d at 305–06.

In her request, Barlia, as the proponent of sealing the Court's records, has not set forth "in detail, document by document, the propriety of secrecy, providing reasons and legal citations," to support her request to seal her entire case. The public is entitled to assess the merits of the judicial decisions made in any case. Barlia's case has been fully adjudicated. As noted above, there is a "strong presumption" in favor of openness to court records. Barlia has not overcome the strong presumption to keep her case open to the public.

Accordingly,

IT IS ORDERED that Plaintiff Julie Barlia's Rquest to Seal her Case (ECF No. 53) is DENIED.

S/Denise Page Hood<br>
Denise Page Hood<br>
Chief Judge, United States District Court

Dated: July 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>
Case Manager